IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **FLORENTINA SANCHEZ,** §<br>*Plaintiff,* §<br>§<br>vs. §<br>§<br>**ANDREW M. SAUL, COMMISSIONER** §<br>**OF THE SOCIAL SECURITY** §<br>**ADMINISTRATION,** §<br>*Defendant.* § | No. EP-20-CV-00158-RFC |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Florentina Sanchez appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner"), denying her claim for supplemental security income ("SSI") under Title II of the Social Security Act. Both parties consented to trial on the merits before a United States Magistrate Judge (ECF Nos. 2, 17), and the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C of the Local Court Rules of this district. For the reasons set forth below, this Court orders that the Commissioner's decision be **AFFIRMED**.

**I.      PROCEDURAL HISTORY**

On January 25, 2018, Plaintiff filed an application for SSI alleging disability beginning on October 1, 2017. (R:12, 181-86.) Plaintiff's application was initially denied on March 29, 2018 (R:114-118) and again upon reconsideration on September 17, 2018. (R:122-125.) On March 5, 2019, a *de novo* hearing was held before an administrative law judge ("ALJ") by video. (R:29-56.) The ALJ issued an unfavorable determination on May 22, 2019. (R:9-28.) The Appeals Council denied Plaintiff's request for review on May 11, 2020. (R:1-6.)

**II.      ISSUE**

1

Plaintiff's sole contention is that the ALJ's decision was unsupported by substantial evidence because the ALJ disregarded the medical evidence and medical opinion of Plaintiff's treating physician.  (ECF No. 20:2.)

## III.   DISCUSSION

### A.  Standard of Review

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence.  *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).  Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995).  A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)).  In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight."  *Singletary v. Bowen*, 798 F.2d 818, 823 (5th Cir. 1986) (quoting *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir. 1984)).

If the Commissioner's findings are supported by substantial evidence, they are conclusive and must be affirmed.  *Martinez*, 64 F.3d at 173.  In applying the substantial evidence standard, a court must carefully examine the entire record, but may not reweigh the evidence or try the issues *de novo*.  *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989).  A court may not substitute its own judgment, "even if the evidence preponderates against the [Commissioner's] decision,"

because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner, and not the courts, to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993).

**B. Evaluation Process**

Disability is the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ evaluates disability claims according to a sequential five-step process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a medically determinable impairment(s) that is severe; (3) whether the claimant's impairment(s) meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart B, Appendix 1; (4) whether the impairment(s) prevents the claimant from performing past relevant work; and (5) whether the impairment(s) prevents the claimant from doing any other work. 20 C.F.R. § 404.1520(4).

An individual applying for benefits bears the initial burden of proving that she is disabled at the first four steps. *Selders v. Sullivan*, 914 F.2d 614, 618 (5th Cir. 1990). Once met, the burden will then shift to the Commissioner to show that there is other substantial gainful employment available that the claimant can perform. *Harrell v. Bowen,* 862 F.2d 471, 475 (5th Cir. 1988). If the Commissioner satisfies this burden, "the burden then shifts back to the claimant to prove that [s]he is unable to perform the alternate work." *Selders*, 914 F.2d at 618 (citing *Fraga v. Bowen*, 810 F.2d 1296, 1302 (5th Cir. 1987)).

Here, at the first step, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 25, 2018, the alleged onset date. (R:14.) At the second step, the ALJ found that Plaintiff had the following severe impairments: "obesity, rheumatoid arthritis, remote history

of right carpal tunnel syndrome and traumatic rupture of collateral ligament of the right wrist status-post surgeries." (*Id.*) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R:17.)

Before the fourth step, the ALJ found that Plaintiff has the RFC to do light work with the following limitations: Plaintiff cannot engage in "frequent pushing and pulling with the dominant right upper extremity; frequent handling with the dominant right upper extremity; and frequent bilateral overhead reaching." (R:18.)

At the fourth step, the ALJ found that Plaintiff was able to perform past relevant work as a hairdresser. (R:22.) The ALJ found that this work does not require the performance of work-related activities precluded by Plaintiff's RFC. (R:22-23.) The ALJ concluded that Plaintiff had not been under a disability, as defined in the Social Security Act, from January 25, 2018, through the date of the ALJ's decision. (R:23.)

### C. Analysis

Plaintiff's sole contention is that the ALJ's RFC determination was unsupported by substantial evidence. (ECF No. 20:2.) In particular, Plaintiff claims that the ALJ erred in disregarding medical evidence and the medical opinion of Plaintiff's treating physician, Dr. Kathleen Robertson. (*Id.*)

Plaintiff was diagnosed with traumatic rupture of her right wrist with chronic pain in October of 2016. (R:550.) She was referred to Dr. Robertson, an orthopedic hand specialist, who saw Plaintiff in December of 2016. (R:548-49.) Dr. Robertson noted Plaintiff's wrist surgeries in 2012, 2013, and 2015, and diagnosed Plaintiff with arthritis and traumatic rupture of the collateral ligament, noting Plaintiff's use of hydrocodone and tramadol for pain. (R:547, 542-4, 538.) Dr.

Robertson saw Plaintiff again in February and March of 2018.  (R: 556, 537.)  On June 22, 2018, Dr. Robertson provided a medical source statement in which she opined that Plaintiff was unable to work.  (R:588-93.)  At the hearing, Plaintiff testified about her rheumatoid arthritis, torn triangular fibrocartilage complex on the right hand, and migraine headaches.  (R:36.)  Plaintiff also testified about her severe and chronic pain in her right wrist, on which she had three surgeries, that impaired her ability to lift.  (R:37-38.)

The ALJ wrote regarding Dr. Robertson's medical source statement, "[i]t is unclear if the author is familiar with the Social Security Administration's disability evaluation or the evidence of record."  (R:21.)  The ALJ also found Dr. Robertson's findings regarding Plaintiff's physical limitations "unpersuasive" because they were "inconsistent with the record."  (*Id.*)  The ALJ based this determination on Dr. Robertson's opinion that Plaintiff "could lift and carry 10 pounds occasionally [and] occasionally reach[,] handle, finger, feel, push and pull with the right upper extremity."  (*Id.*)  The ALJ reasoned that this opinion contradicted Dr. Robertson's finding that Plaintiff had, in the ALJ's words, "normal strength in her upper extremities, with a full range of motion and intact light touch sensation."  (*Id.*)  The ALJ further noted Dr. Robertson's prior findings that Plaintiff could perform daily activities such as shopping, cooking, and climbing stairs assisted with a rail.  (*Id.*)

Only the ALJ may resolve conflicts in the evidence.  *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002).  Here, substantial evidence supports the ALJ's conclusion that Dr. Robertson's medical source statement was unpersuasive because it was inconsistent with her own examination findings.  *Qualls v. Astrue*, 339 F. App'x 461, 466 (5th Cir. 2009) (holding that substantial evidence supported ALJ's decision to assign less weight to medical opinion that was inconsistent with doctor's own clinical notes and the opinions of other physicians).  The ALJ was correct to

point out that Dr. Robertson's findings of "normal strength in [Plaintiff's] upper extremities, with a full range of motion and intact light touch sensation" are inconsistent with her conclusion that Plaintiff was unable to work due to disability of her arms. (R:21, citing R:751-3, 588-593, 726, 738, 217-224, 247-254.) Thus, the ALJ did not err in assigning Dr. Robertson's opinion little weight based on the inconsistencies in Dr. Robertson's medical source statement and examination notes.

Substantial evidence also supports the ALJ's conclusion that Plaintiff's subjective complaints were inconsistent with the medical evidence. *Garcia v. Colvin*, 622 F. App'x 405, 409 (5th Cir. 2015) (holding that ALJ gave due consideration to plaintiff's reports of pain where the ALJ determined that plaintiff's subjective reports were inconsistent with the objective medical evidence). Here, the ALJ discussed Plaintiff's testimony at the hearing and the statements in her function report, including Plaintiff's statements that she was unable to lift anything with her right hand, hold only a cup of water with her left hand, walk no more than 100 feet, and other limitations. (R:20.) But the ALJ found these statements inconsistent with Plaintiff's reports that she was able to perform household chores such as wash dishes daily, prepare meals, sweep and mop, attend church and go grocery shopping, and conflicting statements about whether she could take care of her personal needs. (*Id.*, citing 217-224, 247-254.) Thus, the ALJ gave due consideration to the Plaintiff's subjective complaints of pain and functional limitations, and the ALJ's conclusion was supported by substantial evidence in pointing out inconsistencies in Plaintiff's statements.

Finally, the Court notes that Plaintiff briefly argues that, "The ALJ failed to discuss the medical evidence from Dr. Palafox . . . ." (ECF No. 20:4.) However, this is the only mention Plaintiff makes of Dr. Palafox in her brief. Plaintiff does not indicate what evidence the ALJ failed to consider, or how consideration of that evidence would have changed the ALJ's determination.

The Court should "not reverse the decision of an ALJ for lack of substantial evidence where the claimant makes no showing that he was prejudiced in any way by the deficienc[y] he alleges." *Brock v. Chater*, 84 F.3d 726, 729 (5th Cir. 1996). As Plaintiff has made no such showing with regard to the evidence from Dr. Palafox, the Court will not reverse on those grounds.

## IV. CONCLUSION

Based on the foregoing, the Court hereby **ORDERS** that the decision of the Commissioner be **AFFIRMED**.

**SIGNED** this 6th day of January, 2021.

_____
ROBERT F. CASTANEDA
UNITED STATES MAGISTRATE JUDGE